**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:17-CV-60018-RNS

NEIL HEUER, on behalf of himself and all
others similarly situated,

       Plaintiff,

vs.

NISSAN NORTH AMERICA INC.,

       Defendant.

_____

**NISSAN NORTH AMERICA INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Defendant, Nissan North America Inc. ("NNA"), moves this Court to enter an Order Dismissing with Prejudice the First Amended Class Action Complaint ("Complaint") filed herein by the Plaintiff, Neil Heuer ("Plaintiff"), on behalf of himself and all others similarly situated, and submits the following Memorandum of Law in support thereof, under Local Rule 7.1(a).

**INTRODUCTION**

Plaintiff filed the Complaint in response to a motion to dismiss the original complaint that exposed fatal flaws in that complaint. Plaintiff's new Complaint, rather than eliminate the basis for dismissal, reinforces that Plaintiff's case is barred by, among other things, the statute of limitations. Stripped to its essentials, the Complaint brings two causes of action seeking to hold NNA liable for failing to inform Plaintiff of an alleged defect in the chemical composition of dashboard materials of the 2009 Nissan

GT-R that he purchased. Based on NNA's alleged "failure to disclose," Plaintiff brings this putative class action on behalf of himself and all other 2009 Nissan GT-R purchasers, as well as purchasers of 2008 and 2010-2017 Nissan GT-Rs.

Count One, alleging a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, and Count Two, alleging "unjust enrichment," are time-barred. Both claims have four-year statutes of limitations that accrue on the date of sale. Plaintiff purchased his 2009 Nissan GT-R in October 2008 and initiated this action on January 4, 2017 — more than four years after the statute of limitations expired. Plaintiff's attempt in the new Complaint to plead around the statute of limitations bar is unavailing. The conclusory assertion of fraudulent concealment fails to allege any conduct that would merit tolling the statute of limitations.

Moreover, it is black-letter law in the Eleventh Circuit that Plaintiff lacks standing to bring claims related to vehicles that he has not purchased. Plaintiff has standing with regard to *only one* of the *eleven* vehicle model years listed in the Complaint. Accordingly, the vast majority of Plaintiff's claims must be dismissed due to lack of standing.

Count Two must also be dismissed because it simply reiterates the allegations of Count One, but labels the claim "unjust enrichment." Florida law is clear that an unjust enrichment claim may be maintained only where a Plaintiff lacks any other adequate legal remedy, regardless whether Plaintiff is actually able to succeed in pursuing that legal remedy.

**FACTUAL BACKGROUND**

Plaintiff claims that, in approximately October 2008, he purchased a 2009 model year Nissan GT-R from a Nissan dealership in Florida.  Compl. ¶ 23.  He does not allege that NNA, directly or through the dealer, made any representations — much less misrepresentations — about the dashboard.  At the dealership, Plaintiff "received brochures about the Nissan GT-R." *Id.* However, he does not allege what he was told at the time of purchase, what warranty he received, if any, or on what marketing materials he actually relied.  *See id.*

Plaintiff states that, sometime in June 2016 — almost eight years after he purchased the vehicle — the dashboard "began to crack and melt."  Compl. ¶ 24.  He claims the "melting" has resulted in "glare" when the sun shines on the windshield, and adds that the dashboard "gets sticky to the touch and starts to shine." *Id.* He claims he attempted to have the dashboard repaired for free or at a reduced rate, Compl. ¶ 26, but his causes of action are unconcerned with any post-sale conduct by either the dealership or NNA.  *See* Compl. ¶¶ 38-53.  These allegations are the extent of Plaintiff's factual statements regarding his vehicle.

Plaintiff alleges that Nissan "became aware of complaints in at least 2006 that the dashboards in certain Infiniti vehicles . . . were melting and degrading," specifically the 2003-2008 FX35 and FX45 vehicles.  Compl. ¶ 15.  Conspicuously absent from the Complaint is any allegation that Nissan was aware of complaints from any Nissan (as opposed to Infiniti) owner, let alone a GT-R owner, at the time that Plaintiff purchased his vehicle.  Plaintiff appears to make an attempt to somehow tie in Nissan by alleging in conclusory fashion that in 2006 Nissan "continued to install the same dashboards"

that were in the Infiniti FX vehicles in Nissan vehicles.  Compl. ¶ 16.  No facts are alleged in support of that statement nor is any explanation given for the counterintuitive proposition as to why the supposedly "same dashboards" in the Infiniti vehicles generated complaints in 2006 but those very "same dashboards" did not generate complaints in the Nissan vehicles (nor any other Infiniti vehicles).  Plaintiff cites media reports, but fails to mention that the cited reports were broadcast in 2014.  Similarly, he cites reports at a website named GT-R Life, but fails to mention that those two postings occurred in 2014, long after he had purchased his car and after the statute of limitations had expired.

In addition, Plaintiff alleges that Nissan actively concealed the dashboard defect from its customers by "instructing its dealers in Florida not to replace the defective dashboards for vehicles out of warranty and falsely downplaying the scope of the defect in the media in response to investigative reports."  Compl. ¶ 20.  Again, conspicuously absent from the pleading is any allegation that any of that supposed conduct occurred prior to Plaintiff's purchase of his Nissan GT-R.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE TIME-BARRED.

Plaintiff's claims under FDUTPA and for unjust enrichment are time-barred.  Both claims have four-year statutes of limitations.  *See S. Motor Co. of Dade Cty. v. Doktorczyk*, 957 So. 2d 1215, 1217-18 (Fla. 3d DCA 2007) (applying four-year statute of limitations in Fla. Stat. § 95.11(3)(f) to claims under FDUTPA); *Beltran v. Miraglia*, 125 So. 3d 855, 859 (Fla. 4th DCA 2013) (applying four-year statute of limitations in Fla. Stat. § 95.11(3)(k) to unjust enrichment claims).  These causes of action accrue on the

4

date of sale, not when a person may discover the basis for a claim.  *See Doktorczyk*, 957 So. 2d at 1218 (FDUTPA); *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013) (FDUTPA); *Beltran*, 125 So. 3d at 859 (unjust enrichment).

Plaintiff purchased his 2009 GT-R in October 2008.  The sale of Plaintiff's vehicle occurred more than four years before he initiated this action on January 4, 2017.  Therefore, his claims are barred by the statute of limitations.

Plaintiff cannot avoid the four-year statutes of limitations barring his claims by invoking the delayed discovery rule.  The delayed discovery rule — under which the limitations period would not commence until a Plaintiff learned of the issue — does not apply to prevent the accrual of either cause of action.  *See Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip. Co.*, 793 So. 2d 1127, 1128 (Fla. 5th DCA 2001) (FDUTPA), *approved by Davis v. Monahan*, 832 So. 2d 708, 711-12 (Fla. 2002) (unjust enrichment); *Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*, 505 F. App'x 899, 905 (11th Cir. 2013) (FDUTPA).  As explained by the Florida Supreme Court, the Florida Legislature clearly delineated, through statute, where the delayed discovery rule applied, Fla. Stat. § 95.11; thus, under "the principles of statutory construction, . . . it [i]s clear the Legislature did not intend the doctrine to apply to all causes of action," including FDUTPA and unjust enrichment claims.  *Davis v. Monahan*, 832 So. 2d 708, 711 (Fla. 2002).

The Complaint alleges that the doctrine of fraudulent concealment salvages Plaintiff's time-barred claims.  It cannot.  "[T]o invoke a fraudulent concealment toll, Plaintiff must plead facts establishing that Defendant *deliberately* and *actively*

5

concealed the material facts *for the purpose of inducing [him] to delay filing this action.*" *Speier-Roche v. Volkswagen Grp. of Am., Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *7 (S.D. Fla. Apr. 30, 2014) (emphasis added).  Plaintiff makes two factual allegations to support his claim that fraudulent concealment applies.  First, Plaintiff claims that NNA instructed its dealers not to replace dashboards in out-of-warranty vehicles at a free or reduced cost.  Compl. ¶ 20.  Second, Plaintiff claims that NNA did not divulge the "scope" of the alleged defect to the media.  *Id.*

This is not enough.  Such allegations of "inaction and nondisclosure are wholly insufficient to supply the affirmative steps taken to prevent Plaintiff[] from discovering the basis of [his] claims that would be necessary before tolling based on fraudulent concealment becomes appropriate."  *Licul*, 2013 WL 6328734, at *6.  Indeed, allegations that a defendant "has not publicized the defect to the public" or "warned consumers of the defect" will not support a fraudulent concealment toll.  *Id.* (citation to complaint omitted).  Plaintiff's only other allegations are conclusory assertions that NNA "actively concealed" the supposed defect, Compl. ¶¶ 21, 45, 53 — assertions that are "devoid of actual facts showing [defendant's] purported intent or actions taken to conceal the defect[]," as required for the doctrine of fraudulent concealment to apply. *Licul*, 2013 WL 6328734, at *7.  As the *Licul* court explained, "[b]ecause Plaintiffs have pled only labels and conclusions to support their theory of fraudulent concealment, tolling of the applicable limitations period is inappropriate."  *Id.*  Plaintiff does not plead any affirmative conduct that prevented him from bringing his claims within the limitations period prescribed by the Florida legislature, and thus there is no basis for tolling the statute of limitations.  Plaintiff's claims are barred as a matter of law, and the claims of

the putative class likewise fail.  *Taran v. Blue Cross Blue Shield of Fla., Inc.*, 685 So. 2d 1004, 1006 (Fla. 3d DCA 1997).

## II. PLAINTIFF HAS STANDING ONLY WITH REGARD TO THE 2009 GT-R.

Even if this suit were not time-barred, Plaintiff would be unable to bring the vast majority of the claims he alleges because he lacks standing with regard to any vehicles other than the 2009 GT-R.  Standing is a constitutional requirement for a federal plaintiff, and it only exists where the plaintiff has a "personal stake in the outcome of the controversy."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  As a matter of black-letter law, "in the Eleventh Circuit, a named plaintiff in a consumer class action 'cannot raise claims relating to those other products which he did not purchase.'"  *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1394 (S.D. Fla. 2014) (quoting *Toback v. GNC Holdings, Inc.*, No. 13-80526, 2013 WL 5206103, at *5 (S.D. Fla. Sept. 13, 2013)).  That law is dispositive here.

Indeed, in the *Sanborn* action involving similar claims relating to twenty-one Nissan and Infiniti models, the court recognized this rule, holding that "Plaintiffs cannot raise claims relating to those products which they did not purchase."  *Sanborn v. Nissan N. Am., Inc.*, No. 0:14-cv-62567, at 4 (S.D. Fla. June 15, 2015), ECF No. 44.  It was not enough for Plaintiffs to allege a "common defect" in the various model years in their Complaint; the court limited the named Plaintiffs in *Sanborn* to the two specific model year vehicles that they had purchased or leased.  *Id.* at 4-5.

The *Sanborn* court is not alone in dismissing putative class claims relating to unpurchased goods, regardless of similarity.  For example, in *Garcia v. Kashi Co.*, 43 F. Supp. 3d at 1392, the complaint alleged a FDUTPA violation based on the labeling of

7

more than 80 products, of which the named plaintiffs had purchased only eight. The court considered whether, assuming the products were "similar," the putative class representatives could plead injury-in-fact for products they never bought. *Id.* at 1392-93. In light of Eleventh Circuit authority requiring that "at least one named class representative has [to have] Article III standing to raise each [claim]," *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000), the court held that even the purchase of a "substantially similar product" is insufficient to confer standing to challenge a non-purchased product. *Garcia*, 43 F. Supp. 3d at 1393. Accordingly, plaintiffs' FDUTPA claims were limited to the eight purchased products. *Id.* at 1393-94. To the same effect is *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525, 2013 WL 9638985, at *2 (S.D. Fla. Dec. 9, 2013). Plaintiff there pled that she had purchased only three of 60 different products containing evaporated cane juice. Citing the Eleventh Circuit requirement that the "standing of a named plaintiff . . . be established on a claim-by-claim basis," the court dismissed the Complaint "to the extent it [brought] claims related to products Plaintiff did not purchase." *Id.* (quoting *Prado-Steiman*, 221 F.3d at 1279-80).

Here, Plaintiff alleges he purchased the 2009 model year Nissan GT-R, but he does not allege that he purchased any of the other eleven vehicles named in the Complaint. Compl. ¶¶ 23-26. As such, he has no personal stake, no injury-in-fact, and thus no standing with respect to the claims regarding any vehicles *but* the 2009 model year Nissan GT-R. Plaintiff attempts to circumvent the standing problem by asserting that the dashboard material and the GT-R vehicles themselves are "materially identical from model year to model year." Compl. ¶ 28. However, as the court in *Sanborn*

understood, it is well-settled law in the Eleventh Circuit that "a named plaintiff in a consumer class action lacks standing to challenge a non-purchased product because there is no injury-in-fact as to that product, *even if he purchased a substantially similar product.*"  *Garcia*, 43 F. Supp. 3d at 1393 (emphasis added) (citing *Toback*, 2013 WL 5206103, at *4-5).  Even assuming that the GT-R dashboards are substantially similar across model years, the fact remains that, as a matter of law, Plaintiff lacks standing with respect to non-purchased vehicles.

Thus, even if Plaintiff's claims were not time-barred, Counts One and Two of the Complaint must be dismissed with respect to all vehicles and model years for lack of standing, the 2009 Nissan GT-R excepted.

### III.    PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT.

Even if this suit were not time-barred, Count Two should be dismissed as duplicative of Count One, because Plaintiff already has an adequate legal remedy.  Plaintiff's unjust enrichment claim is a mere tack-on; identical to Count One's FDUTPA claim, Count Two states Plaintiff paid more than he otherwise would have for his vehicle due to NNA's nondisclosure of the alleged defect.  Compl. ¶¶ 46-53.  Where the "unjust enrichment claim is a vague catch-all that does no more than incorporate by reference the alleged wrongdoing already addressed by [Plaintiff's] other legal causes of action," the claim "should be dismissed as duplicative."  *Licul*, 2013 WL 6328734, at *7.  An unjust enrichment claim cannot be used as a fallback to a FDUTPA claim.  Courts routinely dismiss unjust enrichment claims that merely restate a FDUTPA claim, even where the FDUTPA claim is itself dismissed.  *See e.g.*, *id.*, at *6-7; *Prohias v. AstraZeneca Pharm., L.P.*, 958 So. 2d 1054, 1056 (Fla. 3d DCA 2007).

It is also "well-established under Florida law that unjust enrichment is an equitable remedy that is available only when the plaintiff lacks an adequate remedy at law." *Matthews v. Am. Honda Motor Co.*, No. 12-60630-CIV, 2012 WL 2520675, at *2 (S.D. Fla. June 6, 2012); *see also Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1341-42 (S.D. Fla. 2011). The fact that Plaintiff's "unjust enrichment claim is predicated on the same wrongful conduct as [his] FDUTPA claim" shows that he "does not lack an adequate legal remedy." *Matthews*, 2012 WL 2520675, at *2. Because Count Two is merely duplicative of Count One, and because Plaintiff has adequate legal remedies, Count Two should be dismissed.

## **CONCLUSION**

WHEREFORE, NNA respectfully requests the Court enter an Order dismissing the Complaint in its entirety with prejudice.

Dated:  April 11, 2017                    Respectfully submitted,

BOWMAN AND BROOKE LLP

/s/ John C. Seipp, Jr.
John C. Seipp, Jr.
Florida Bar No. 0289264
Jessica R. Garrity, Esquire
Florida Bar No. 72522
Two Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Phone: 305-995-5600; Fax: 305-995-6090

JENNER & BLOCK LLP

Peter J. Brennan (*pro hac vice*)
pbrennan@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone: 312-222-9350; Fax: 312-527-0484
Counsel for Defendant, Nissan North America, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

                                      BOWMAN AND BROOKE LLP

                                      /s/ John C. Seipp, Jr.
                                      John C. Seipp, Jr.
                                      Florida Bar No. 0289264
                                      Jessica R. Garrity, Esquire
                                      Florida Bar No. 72522
                                      Two Alhambra Plaza, Suite 800
                                      Coral Gables, Florida 33134
                                      Phone: 305-995-5600; Fax: 305-995-6090

                                      and

                                      JENNER & BLOCK LLP

                                      Peter J. Brennan (*pro hac vice*)
                                      pbrennan@jenner.com
                                      353 N. Clark Street
                                      Chicago, IL 60654-3456
                                      Phone: 312-222-9350; Fax: 312-527-0484
                                      Counsel for Defendant, Nissan North America, Inc.