United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Neil Heuer, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-60018-Civ-Scola |
| | ) |
| Nissan North America, Inc., | ) |
| Defendant. | ) |

## Order Granting Nissan North America's Motion to Dismiss

The Plaintiff Niel Heuer filed an amended class action complaint ("Complaint") bringing a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and a claim of unjust enrichment. (Am. Compl., ECF No. 10). The Defendant Nissan North America ("Nissan") moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and under Rule 12(b)(1) for lack of standing. (Mot., ECF No. 15.) Heuer filed a response (ECF No. 19), and Nissan filed a reply (ECF No. 20). Upon consideration of the motion, the response, the reply, the amended complaint, the pertinent portions of the record, and the relevant legal authorities, the Court **grants** Defendant Nissan's motion to dismiss (**ECF. No. 15**) and **dismisses** Heuer's Complaint **without prejudice**.

### 1. Relevant Facts

Nissan manufactures, markets, distributes, and warrants automobiles in the United States, including the Nissan GT-R vehicle. (Am. Compl. ¶ 8, ECF No. 10). Heuer alleges that the Nissan GT-Rs have defective dashboards that melt and crack when exposed to sunlight and humidity. (*Id.* ¶ 9). The melted dashboards allegedly produce a noxious smell and produce a chemical compound that is sticky to the touch. (*Id.* ¶ 10). The alleged defect also causes the dashboard to become reflective, resulting in unpredictable glare being cast onto the windshield and into the drivers' eyes, making it difficult or impossible to see forward and safely operate the vehicle. *Id.* It also deforms the precise perforation around the airbag deployment system, potentially compromising the proper release of the airbag. (*Id.* ¶ 11).

Heuer owns a 2009 Nissan GT-R which he purchased in October 2008. (*Id.* ¶ 23). Around June 2016, the dashboard in Heuer's GT-R began to crack and melt, causing the harsh glare mentioned above. (*Id.* ¶ 24). Heuer brought his car to a Nissan dealership and asked that they replace the dashboard. The

dealership refused to replace the melting dashboard free of charge or at a reduced rate, despite allegedly being aware of the recent class action, *Sanborn v. Nissan North America, Inc.*, Case No.: 0:14-cv-62567-KMM (S.D. Fla. Aug. 10, 2016), in which owners of a different Nissan model were entitled to have their melting dashboards replaced at a steeply reduced rate. (*Id.* ¶ 26).

Heuer alleges that Nissan has known the existence of their defective dashboards since at least 2006. (*Id.* ¶ 15). Heuer also alleges that Nissan failed to disclose the defect and the safety issues associated with it to consumers, and actively concealed the same from consumers, who would have either not purchased the cars or paid a far lower price for them had they been aware of the defect. (*Id.* ¶¶ 18–20). Alternately, Heuer pleads unjust enrichment predicated on this same conduct.

Heuer purports to represent a class of all Florida purchasers or lessors of Nissan GT-Rs produced from 2008 to the present. (*Id.* ¶ 29).

## 2. Legal Standard

### A. Dismissal for failure to state a claim

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a

prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

### B. Dismissal for lack of subject matter jurisdiction

Nissan also challenges Heuer's standing to pursue his claims, pursuant to Federal Rule of Civil Procedure 12(b)(1). *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction" under Rule 12(b)(1). *Id.*

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Id.* (quotation omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotation omitted). "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.*

"When defending against a facial attack, the plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised,' and 'the court must consider the allegations in the plaintiff's complaint as true.'" *Id.* (quotation omitted). The Court is required "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

## 3. Analysis

### A. Statute of Limitations on FDUTPA and Unjust Enrichment Claims

Nissan moves to dismiss Heuer's complaint in part because Heuer's claims are time-barred by the four-year statute of limitations prescribed by section 95.11(3)(f) and (3)(k), Florida Statutes (2008). Heuer alleges that the

statute of limitations are tolled by Nissan's fraudulent concealment of the cause of action. The Court agrees with Defendant Nissan and finds that Plaintiff Heuer has failed to allege facts sufficient to support a finding of fraudulent concealment.

FDUTPA claims are subject to a four-year limitations period, since they fall into the category of "action founded on statutory liability" enumerated in section 95.11(3)(f). *See S. Motor Co. of Dade Cty. v. Doktorczyk*, 957 So. 2d 1215, 1217-18 (Fla. Dist. Ct. App. 2007). Unjust enrichment claims are subject to a four-year limitations period, since they fall into the category of "a legal or equitable action on a contract, obligation, or liability not founded on a written instrument," as enumerated in section 95.11(3)(k). *See Beltran v. Miraglia*, 125 So. 3d 855, 859 (Fla. Dist. Ct. App. 2013).

"The statute of limitations on a FDUTPA claim expires four years from the sale of the product at issue." *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV, WL 6328734 at *6 (S.D. Fla. Dec 5, 2013) (Cohn, J.). The limitations period for unjust enrichment claims also begins at the sale of the product at issue. *Beltran*, 125 So. 3d at 859. Plaintiff Heuer purchased his Nissan GT-R in October 2009, and did not initiate this action until more than seven years later on January 4, 2017.

The fact that Heuer did not discover these defects until the dashboard began melting in 2016 does not serve to toll the statutes of limitations, since the delayed discovery rule does not apply to FDUTPA or unjust enrichment claims. *Marlborough Holdings Grp., Ltd. V. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*, 505 F. App'x 899, 905 (11th Cir. 2013) (FDUTPA), *Davis v. Monahan*, 832 So. 2d 708, 711–712 (Fla. 2002) (unjust enrichment).

Heuer argues that under the doctrine of fraudulent concealment, these statutes of limitations are tolled by Nissan's active and fraudulent concealment of the defects. (Am. Compl. ¶ 45). To toll the statute of limitations as a result of fraudulent concealment, a plaintiff "must allege . . . (1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) [that] plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim." *Burr v. Philip Morris USA, Inc.*, 2012 WL 5290164, at *10–11 (M.D. Fla. Sept. 28, 2012) (citing *Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 811–12 (Fla. Dist. Ct. App. 1995). Heuer successfully pleads the third element by alleging that he took the car to regular inspections. (Am. Compl. ¶ 45). However, Heuer has not sufficiently alleged the first two elements of fraudulent concealment.

Allegations of "inaction and nondisclosure are wholly insufficient to supply the affirmative steps taken to prevent [the] Plaintiffs from discovering the basis of their claims that would be necessary before tolling based on

fraudulent concealment becomes appropriate." *Licul*, 2013 WL 6328734, at *6. "The 'fraudulent means' alleged must go beyond nondisclosure, and constitute active and willful concealment." *Id.* (citing *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003)).

Plaintiff Heuer alleges that Nissan "instruct[ed] its dealers . . . not to replace the defective dashboards," and that this constitutes affirmative concealment. (Am. Compl. ¶ 20). Failing to replace dashboards does not go beyond "inaction and nondisclosure," and the fact that the omission was deliberate does not change its character as inaction. Furthermore, failure to replace the defective dashboards cannot constitute concealment, since a consumer will have had to discover the defect in the first place in order to bring the car to the dealer for dashboard replacement. Nissan's instruction to the dealerships, as alleged in the amended complaint, does not constitute "active and willful concealment" and so does not toll the statute of limitations.

Heuer also alleges that Nissan "affirmatively concealed the defect by . . . falsely downplaying the scope of the defect in the media in response to investigative reports by ABC, NBC, and Fox." (Am. Compl. ¶ 20). Heuer refers to a particular instance where Nissan, in response to an ABC-affiliate news segment, stated: "We have become aware of a few isolated consumer complaints about the dashboard appearance in their vehicle." This statement may be viewed as a public admission by Defendant Nissan that there is a defect in their vehicle, which would negate any claims of fraudulent concealment. However, when deciding on a motion to dismiss the Court must construe alleged facts in the light most favorable to the plaintiff. *Pielage*, 516 F.3d at 1284. In the light most favorable to Plaintiff Heuer, this statement shows Nissan "falsely downplaying" the scope of the defects as "isolated," and about "appearance" rather than safety. (Am. Compl. ¶ ¶ 19–20).

However, allegations of fraudulent concealment must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Spier-Roche v. Volkswagen Group of America, Inc.*, No. 14–20107–CIV, WL 1745050 at *7 (April 30, 2014 (Moreno, J.); *see also Greenberg v. Miami Children's Hospital Research Institute*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003) (Moreno, J.); *Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1226–27 (N.D. Ala. 2008). "Under rule 9(b), the circumstances of the fraud must be alleged with specificity, i.e. the 'who, what, when, where, and how' of the alleged fraud." *Spier-Roche*, WL 1745050 at *7, (internal citation and quotation omitted). Plaintiff Heuer alleges what was said by Nissan's representatives in response to the news segment, but does not specifically allege who in particular made the statement, when the statement was made, or where the statement was made.

Furthermore, the Court is left to speculate as to how exactly the statement was actively and willfully fraudulent. Heuer successfully alleges that Nissan "falsely downplayed" the scope of the defect, but "false downplaying" and "active and willful concealment" are not equal. Heuer therefore also fails to plausibly plead fraudulent concealment under Federal Rule of Civil Procedure 9. *Twombly*, 550 U.S. at 570.

"A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in their complaint.'" *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), (quoting *Tregenza v. Great American Comms. Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). Dismissal under Rule 12(b)(6) on statute of limitations grounds "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred. *Id.* (citation omitted). When the time-bar is apparent from the face of the complaint, the plaintiff bears the burden of pleading allegations sufficient to toll the statute of limitations. *See Patel v. Diplomat*, 605 Fed. App'x. 965, 966 (11th Cir. 2015) (applying the rule in *La Grasta* and finding that, where the dates included in the complaint made the time-bar apparent, plaintiff did not plead facts sufficient to plausibly allege tolling of the statute of limitations.)

Here, the dates in the complaint make it clear that the causes of action accrued in 2008, and so are time-barred under the four-year statute of limitations in section 95.11(3)(f) and (k) unless Heuer alleges facts plausibly supporting the tolling of the statute. Heuer's allegations that Nissan "falsely downplayed" the defects and "instruct[ed] its dealers . . . not to replace the defective dashboards" are, without more, insufficient to satisfy either the plausibility requirements of Rule 8(a) or the particularity requirements of Rule 9(b).

As a result, the Court **grants** Nissan's motion to dismiss because, as currently pleaded, the statutes of limitations bar Heuer's causes of action.

## B. Standing on FDUTPA and Unjust Enrichment Claims

Nissan argues that Heuer has no standing to bring claims on the defective dashboards in the GT-Rs with model years from 2010 to present, and so moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(1). The Eleventh Circuit requires that in a class action suit "at least one named class representative must establish Article III standing for each class subclaim." *Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Because Article III standing requires a plaintiff to establish that he has suffered an injury-in-fact, a class plaintiff "cannot raise claims relating to those other products which he did not purchase." *Toback v. GNC Holdings, Inc.* No. 13–

80526–CIV, WL 5206103 at *5 (S.D. Fla. Sept. 13, 2013) (Cohn, J.) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).

Another court in this district has heard a similar case involving Nissan's melting dashboards, where a class plaintiff purported to represent purchasers and lessors of every Nissan and Infinity model with the defective dashboard. *Sanborn v. Nissan N. Am., Inc.,* No. 14–cv–62567, at 3 (S.D. Fla. June 15, 2015) (Moore, J.) (ECF No. 44). Because the named plaintiffs in *Sanborn* only alleged having purchased or leased the 2008 and 2009 Nissan Altima, the court dismissed all claims pertaining to models and model years other then those particular cars, including claims regarding the 2007 Altima. *Id.* at 4–5.

The *Sanborn* plaintiffs pursued claims on several models and model years on the theory that the defective dashboard was common to each vehicle. *Sanborn,* No. 14–cv–62567 at 4, (ECF No. 44). However, on a motion to dismiss the court reasoned that the deciding issue was not whether the vehicles shared a common defect, but "whether they purchased precisely the same product." *Id.* Notably, the *Sanborn* plaintiffs did not allege that any of the class vehicles were identical products. (Am. Compl., Case No. 14–cv–62567, ECF. No. 23).

In *Sanchez-Knutson,* the court used the same reasoning to dismiss class-action claims on car models other than those car models that the named plaintiffs had purchased or leased. *Sanchez-Knutson,* No. 14–civ–61344, WL 11197772 at *4–5 (S.D. Fla. July 22, 2015) (Dimitrouleas, J.). However, the court did not dismiss the plaintiff's claims on the *same model car from several model years,* despite the fact that the named plaintiff only purchased or leased the version of that car from a single model year. *Id.* The Court provided no rationale for the distinction. *Id.*

Nissan argues that Heuer has no standing to bring claims on products that are merely similar to the product he purchased. Nissan relies on *Garcia v. Kashi Company,* 43 F. Supp. 3d 1359 (S.D. Fla. Sept. 5, 2014) (Lenard, J.), where the court noted that a named plaintiff in a consumer class action lacks standing to challenge a non-purchased product, even if he purchased a "substantially similar" product. *Id.* at 1394.

Heuer has not purchased or leased a Nissan GT-R from a model year other than 2009. Heuer does allege, however, that Nissan GT-Rs and the particular defective dashboard contained within them are "materially identical from model year to model year." (Am. Compl. ¶ 28). Construed in the light most favorable to the plaintiff, Heuer has not alleged that the different model years of the GT-R are substantially similar products, but rather has alleged that they are the *same* product. The inconsistent case law in the Southern District of Florida does not persuade the Court to hold that different model years of the same model car are necessarily different products. Whether Heuer has

standing to sue on the claims for the 2010–present GT-Rs turns on this fact-intensive question, and should be resolved at a later point in the proceedings. Heuer's allegation that all Nissan GT-Rs are the same product regardless of the year they were made must be taken as true for the purposes of the motion to dismiss. Thus, at this juncture, Heuer has standing to pursue his claims.

### C. Availability of the Unjust Enrichment Remedy

Nissan asserts that Heuer's unjust enrichment claim must be dismissed because unjust enrichment is an equitable remedy and Heuer's claim has an adequate remedy at law via FDUTPA. (Mot. at 9.)

The Eleventh Circuit has stated: "It is generally true that equitable remedies are not available under Florida law when adequate legal remedies exist. . . . However, that rule does not apply to unjust enrichment claims." *State Farm Mut. Auto Ins. Co. v. Physicians Injury Care Center, Inc.*, 427 Fed. App'x 714, 722 (11th Cir. 2011) (per curiam) (internal citation omitted), *rev'd in part on other grounds, State Farm Mut. Auto Ins. Co. v. Williams*, 563 Fed. App'x 665 (11th Cir. 2014). "To the extent that [plaintiff has] adequate legal remedies, those remedies [do] not bar its unjust enrichment claims." *Id.*

Nissan also argues that Heuer's unjust enrichment claim is duplicative of the FDUTPA claim. However, Heuer is "entitled to bring all alternative theories available under Florida law." *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. Oct. 29, 1997) (Highsmith, J.); *See also Thunderwave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562 (S.D. Fla. Jan. 23, 1997) (Moreno, J.).

Thus, notwithstanding that Heuer's unjust enrichment claim stems from the same factual predicates as his FDUTPA claim, Heuer is not precluded from asserting in the alternative a claim for unjust enrichment.

## 4. Conclusion

For the reasons stated above, the Court **grants** Nissan's motion to dismiss (**ECF No. 15**). The Court **dismisses** this action **without prejudice**. Heuer is given leave to file a second amended complaint addressing the deficiencies noted in this Order, to the extent the deficiencies may be cured. Heuer must file the second amended complaint by **August 18, 2017**. Nissan must respond no later than **September 1, 2017**.

**Done and ordered** in chambers on August 11, 2017.

Robert N. Scola, Jr.
United States District Judge