UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-CV-60018-RNS

NEIL HEUER, on behalf of himself and all
others similarly situated,

        Plaintiff,

vs.

NISSAN NORTH AMERICA INC.,

        Defendant.

## NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 12(b)(6), the Defendant, Nissan North America Inc. ("Nissan"), moves this Court to enter an Order Dismissing with Prejudice the Second Amended Class Action Complaint ("Complaint") filed herein by the Plaintiff, Neil Heuer ("Plaintiff"), on behalf of himself and all others similarly situated, and submits the following Memorandum of Law in support thereof, under Local Rule 7.1(a).

## INTRODUCTION

### I.  This Court's August 11 Opinion

This Court dismissed the First Amended Complaint as untimely and rejected Plaintiff's fraudulent concealment argument, commenting that "[a]llegations of 'inaction and nondisclosure are wholly insufficient to supply the affirmative steps taken to prevent the Plaintiffs from discovering the basis of their claims that would be necessary before tolling based on fraudulent concealment becomes appropriate.'" *See Heuer v. Nissan N. Am., Inc.*, 2017 WL 3475063, at *3 (S.D. Fla. Aug. 11, 2017) (Dkt. Entry No. 24)

Case 0:17-cv-60018-RNS Document 26 Entered on FLSD Docket 09/01/2017 Page 2 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

[hereafter *Opinion*] (quoting *Licul v. Volkswagen Group of Am., Inc.*, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013)). This Court further stated that "[t]he 'fraudulent means' alleged must go beyond nondisclosure, and constitute active and willful concealment." *Id.* (citing *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003)). This Court emphasized that "allegations of fraudulent concealment must be pled with particularity" as required by Rule 9(b), including the "who, what, when, where, and how of the alleged fraud." *Id.* at *4 (quoting *Speier-Roche v. Volkswagen Group of Am., Inc.*, 2014 WL 1745050, at *7 (S.D. Fla. Apr. 30, 2014)). The Court added that it cannot be "left to speculate as to how exactly [a] statement was actively and willfully fraudulent" and that allegations of "falsely downplaying" the scope of a defect or instructing dealers not to replace defective dashboards do not cross the required threshold. *Id.*

## II. Plaintiff's Second Amended Complaint

This Court gave Plaintiff leave to file a Second Amended Complaint, after reminding the Plaintiff of the standard Plaintiff's allegations must meet to adequately allege fraudulent concealment. Plaintiff did file a Second Amended Complaint, but completely ignored the standard the Court had provided. Count One, alleging a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, and Count Two, alleging "unjust enrichment," remain time-barred. Both claims have four-year statutes of limitations that accrue on the date of sale. Plaintiff purchased his 2009 Nissan GT-R in October 2008 and initiated this action on January 4, 2017—more than four years after the statutes of limitations expired. The Second Amended Complaint has a lot more words, but none of the factual allegations required

Case 0:17-cv-60018-RNS   Document 26   Entered on FLSD Docket 09/01/2017   Page 3 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

by this Court's August 11 opinion.

## FACTUAL BACKGROUND

### I. Plaintiff's Allegations Concerning His Purchase and Dashboard

Plaintiff claims that, in approximately October 2008, he purchased a 2009 model year Nissan GT-R from a Nissan dealership in Florida. Compl. ¶ 40. He does not allege that Nissan, directly or through the dealer, made any representations—much less misrepresentations—about the dashboard. At the dealership, Plaintiff says he "received brochures about the Nissan GT-R" but provides no other information. *Id*.

Plaintiff states that sometime in June 2016—three and a half years after the statute of limitations expired and seven and half years after he purchased the vehicle— the dashboard "began to crack and melt." Compl. ¶ 41. He claims the "melting" has resulted in a "glare" when the sun shines on the windshield, and adds that the dashboard "gets sticky to the touch and starts to shine." *Id*. He also claims he attempted to have the dashboard repaired at a free or reduced rate, Compl. ¶ 43, but was denied this repair request, made at least four and half years after the warranty expired. These allegations are the extent of Plaintiff's factual statements regarding his vehicle.

### II. Plaintiff's Allegations Concerning Nissan's Knowledge

Plaintiff starts his allegations with a non-Nissan branded model, the Infiniti FX35 and FX 45. Compl. ¶ 15. He asserts that Nissan extended the warranty on the dashboards of those 2003-2008 model year vehicles in 2010 and notified dealers and customers about the warranty extension. *Id*. Those allegations, of course, do nothing

Case 0:17-cv-60018-RNS   Document 26   Entered on FLSD Docket 09/01/2017   Page 4 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

to support a claim of fraudulent concealment, much less fraudulent concealment concerning a Nissan GT-R. Conspicuously absent from the Complaint is any allegation that Nissan was aware of complaints from any Nissan (as opposed to Infiniti) owner, let alone a GT-R owner, at the time that Plaintiff purchased his vehicle. Plaintiff appears to make an attempt to somehow tie in Nissan by alleging in conclusory fashion that in 2006 Nissan "continued to install the same dashboards" that were in the Infiniti FX vehicles in Nissan vehicles, and that those dashboards shared a "common melting problem." Compl. ¶ 16. Likewise, Plaintiff attempts to capitalize on a dashboard issue in Australia related to the Nissan Patrol. Compl. ¶ 23. No explanation is given for the counterintuitive proposition as to why the supposedly "same dashboards" in the Infiniti vehicles and the Nissan Patrol generated complaints in 2006 and 2010, respectively, but those very "same dashboards" did not generate complaints in the U.S. Nissan vehicles (nor any other Infiniti vehicles) during this time period. Plaintiff also alleges that "the degradation is detectable by analytic testing available to Nissan," Compl. ¶ 22, but notably does not allege that Nissan actually conducted this testing or when Nissan *learned* about the melting dashboards.

Plaintiff cites several media reports, but neglects to mention these reports were broadcast and published no earlier than 2014. Compl. ¶¶ 25 ("segment dated June 13, 2014"), 27 ("In August 2014"), 28 ("In May 2015"), 29 (article dated June 13, 2016), 35 (article dated March 10, 2016), 36 (article dated June 13, 2016). So Nissan's response to those reports—good, bad or indifferent—could not serve to toll a statute of limitations that expired in October 2012. The same goes for the anonymous consumer complaints

4

Case 0:17-cv-60018-RNS   Document 26   Entered on FLSD Docket 09/01/2017   Page 5 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

posted by other vehicle owners to various websites, none of which were made earlier than 2014. Compl. ¶¶ 24 (posted April 2, 2014), 26 ("In May 2014"), 30 (posted February 11, 2016), 37 (posted March 23, 2017), 44 (posted April 7, 2014 and October 29, 2014). That includes the very limited complaints cited that mention the GT-R. Moreover, almost all of these unsupported complaints involve models other than the GT-R, such as the Altima and Maxima. Compl. ¶¶ 24, 26, 30, 37. Finally, Plaintiff quotes in support of his claim of affirmative concealment a completely conclusory statement from a motion that was filed in the *Sanborn* case. *See* Compl. ¶ 33. That statement, however, fails to cite any facts and, equally importantly, fails to provide any time frame for its claim. That is far from the specificity this Court requires concerning the who, what, where, when and why of any allegations.

Throughout the Complaint, Plaintiff alleges that Nissan actively concealed the purported dashboard defect by refusing to extend warranties or issue recalls, and by "falsely downplaying" the scope of the defect through its nondisclosure and denial of safety issues. *See, e.g.*, Compl. ¶¶ 16-39.[1] Again, conspicuously absent from the pleading is any allegation that this supposed conduct occurred prior to Plaintiff's purchase of his Nissan GT-R or prior to the expiration of the statute of limitations.

## ARGUMENT

Plaintiff's claims under FDUTPA and for unjust enrichment are time-barred. Both claims have four-year statutes of limitations that accrue on the date of sale. *See*

---

[1] At least one media report Plaintiff relies on contradicts his own claim that the alleged dashboard defect creates a safety issue. The Click2Houston article Plaintiff cites, Compl. ¶ 27, reports that "NHTSA, the federal agency that could force a recall, said the complaints don't show a safety defect trend." *See* https://www.click2houston.com/consumer/drivers-want-sticky-dashboards-fixed.

5

Case 0:17-cv-60018-RNS   Document 26   Entered on FLSD Docket 09/01/2017   Page 6 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

*Opinion*, at *3. Just as before, Plaintiff fails to plead any facts with sufficient specificity to amount to fraudulent concealment at all, much less fraudulent concealment prior to the expiration of the statute of limitations in October 2012.

As this Court recognized, under the ordinary operation of the statute of limitations, Plaintiff's claims would be time-barred. In an effort to salvage his years-late complaint, Plaintiff alleges the doctrine of fraudulent concealment applies. It does not. In its Order dismissing Plaintiff's First Amended Complaint, this Court explained that to toll the statutes of limitations for fraudulent concealment, Plaintiff "must allege . . . (1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) [that] plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim." *Id.* (quoting *Burr v. Philip Morris USA, Inc.*, 2012 WL 5290164, at *10-11 (M.D. Fla. Sept. 28, 2012)) (alteration in original). The Court held that Plaintiff had not "sufficiently alleged the first two elements of fraudulent concealment." *Id.*

The Complaint simply ignores the pleading standard provided by this Court, and fails to cure the multiple deficiencies of the First Amended Complaint. As this Court made clear, Plaintiff must allege "active and willful concealment" and "[a]llegations of 'inaction and nondisclosure'" are not enough. *Id.* (quoting *Licul v. Volkswagen Grp. Of Am., Inc.*, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013)). Yet, Plaintiff cannot even provide those inadequate allegations. Nissan's alleged statements to the media, all of which occurred after the statute of limitations expired, are plainly insufficient to toll the limitations period because, as this Court observed, "'false downplaying' and 'active and

6

Case 0:17-cv-60018-RNS   Document 26   Entered on FLSD Docket 09/01/2017   Page 7 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

willful concealment' are not equal." *Id.* at *4.

Despite the Court's clear articulation of the standard, Plaintiff's new allegations are variations on the themes of inaction and nondisclosure. They do not demonstrate "active and willful concealment" by Nissan. Plaintiff now claims Nissan was aware of a defect in the dashboards, but "failed to extend its warranty," "never issued a widespread repair," "instructed [its] dealers to replace dashboards only on a case by case basis," did not "issue a public recall," and "den[ied] claims outside of the thirty-six month warranty period." Compl. ¶¶ 16-17, 21, 23, 30. Plaintiff further claims Nissan sold GT-R vehicles "without warning the drivers of the defect," did not make "analytic testing known or available," failed to "provide[] a list of the affected vehicles by make and model year for publication," and "refused to notify customers of the dashboard safety defect or to cover the full costs of repairs." Compl. ¶¶ 19, 22, 28, 38.[2] Plaintiff also claims that through these actions "Nissan created the false impression that there were only a handful of isolated incidents" and "falsely downplay[ed] the problem to the public." Compl. ¶¶ 31-32.

In dismissing Plaintiffs' First Amended Complaint, this Court found similar claims of concealment to be unavailing. As the Court explained, "[f]ailing to replace dashboards does not go beyond 'inaction and nondisclosure'" and "cannot constitute

---

[2] Plaintiff also alleges Nissan used the same part number for its newly-reformulated dashboards and did not issue a technical service bulletin to inform dealers of the part change, Compl. ¶ 34, but does not explain how Nissan's interactions with its dealers amount to active and willful concealment from the public. Nor does Plaintiff allege how a reformulated dashboard skin or cover would have required any instructions to the dealers because they would simply be exchanging one dashboard of the same size and shape for another dashboard of the same size and shape. So there was nothing to call to the attention of the dealers through a technical service bulletin.

Case 0:17-cv-60018-RNS   Document 26   Entered on FLSD Docket 09/01/2017   Page 8 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

concealment." *Opinion*, at *3. Likewise, "Nissan's instruction to the dealerships . . . does not constitute 'active and willful concealment' and so does not toll the statute of limitations." *Id*. Nissan's purported refusal to issue recalls or extend warranties, as alleged repeatedly throughout the Complaint, falls into the same category of "inaction and nondisclosure" that cannot establish "concealment." Moreover, allegations that Nissan "has not publicized the defect to the public" or "warned consumers of the defect" will never be enough to support a fraudulent concealment toll. *Licul*, 2013 WL 6328734, at *6. As a result, these newly added allegations do nothing to address the problems with Plaintiff's First Amended Complaint, and fail to set forth the required elements of fraudulent concealment.

Not only does Plaintiff fail to plead the required elements of fraudulent concealment *at all*, but he fails to do so with the particularity required under Federal Rule of Civil Procedure 9(b). This Court has already rejected Plaintiff's claim that Nissan "affirmatively concealed" the alleged dashboard defect by "falsely downplaying the scope" in response to a 2014 news segment, dismissing this allegation for failure to meet Rule 9(b)'s pleading standard: "Plaintiff Heuer alleges what was said by Nissan's representatives in response to the news segment, but does not specifically allege who in particular made the statement, when the statement was made, or where the statement was made." *Opinion*, at *4. Plaintiff repeats this allegation in the Complaint, and despite the Court's clear instruction, provides no further explanation of when, where, and by whom the statement was made. Compl. ¶ 25. Moreover, any statement made in 2014 cannot toll a statute of limitations that expired in 2012. The Complaint

Case 0:17-cv-60018-RNS Document 26 Entered on FLSD Docket 09/01/2017 Page 9 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

further incorporates a litany of anonymous consumer complaints and purported statements and omissions by Nissan, Compl. ¶¶ 24-37, which similarly lack any specificity regarding "the 'who, what, when, where, and how' of the alleged fraud." *Opinion*, at *4 (quoting *Speier-Roche Volkswagen Group of Am., Inc.*, 2014 WL 1745050, at *7 (S.D. Fla. Apr. 30, 2014)). As a result, Plaintiff fails to plead facts sufficient to establish Nissan's knowledge and concealment of the alleged defect.

Finally, this Court must dismiss Plaintiffs' fraudulent concealment claims because he is attempting to *revive*, rather than toll, a long-dead limitations period. To state a claim of fraudulent concealment, Plaintiff must "plead facts establishing that [Nissan] deliberately and actively concealed the material facts *for the purpose of inducing [him] to delay filing this action*." *Speier-Roche*, 2014 WL 1745050, at *7 (emphasis added). In other words, a plaintiff must allege that but-for the fraudulent concealment of the material facts, he would have filed his claims within the limitations period. The Complaint falls quite short, and Plaintiff does not plead any deliberate, affirmative conduct that prevented him from bringing his claims *within the limitations period prescribed by the Florida legislature*. Rather, Plaintiff cites a series of consumer complaints and media reports that occurred *after* the four-year statutes of limitations had already run on Plaintiff's claims in October 2012. *See* Compl. ¶¶ 24 (dated 2014), 25 (2014), 26 (2014), 27 (2014), 28 (2015), 29 (2016), 30 (2016), 35 (2016), 36 (2016), 37 (2017), 44 (2014). Quite simply, any statements made by Nissan or its representatives after the time ran out for Plaintiff to file his lawsuit cannot, as a matter of law, have induced Plaintiff to delay filing a timely action. *Temple v. Gorman*, 201 F.

Case 0:17-cv-60018-RNS   Document 26   Entered on FLSD Docket 09/01/2017   Page 10 of 11

CASE NO. 0:17-CV-60018-RNS
NISSAN NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Supp. 2d 1238, 1242 (S.D. Fla. 2002) (holding that defendants' conduct after the limitations period expired was "irrelevant" and could not estop a statute of limitations defense).

Plaintiff has not pled the elements of fraudulent concealment with sufficient particularity, nor has he alleged successful concealment of his action or fraudulent means to achieve concealment. Thus, his claims of fraudulent concealment are unavailing. Plaintiff's claims are barred as a matter of law, and the claims of the putative class likewise fail. *Taran v. Blue Cross Blue Shield of Fla., Inc.*, 685 So. 2d 1004, 1006 (Fla. Dist. Ct. App. 1997).

## CONCLUSION

WHEREFORE, Nissan respectfully requests the Court enter an Order dismissing the Complaint in its entirety with prejudice.

Dated:  September 1, 2017

Respectfully submitted,

BOWMAN AND BROOKE LLP

*/s/ John C. Seipp, Jr.*
John C. Seipp, Jr. (Florida Bar No. 0289264)
Donald A. Blackwell (Florida Bar No. 370967)
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Phone: 305-995-5600; Fax: 305-995-6090

JENNER & BLOCK LLP

Peter J. Brennan (*pro hac vice*)
pbrennan@jenner.com
Monika N. Kothari (*pro hac vice*)
mkothari@jenner.com
353 N. Clark Street
Chicago, IL 60654
Phone: 312-222-9350; Fax: 312-527-0484

Devi M. Rao (*pro hac vice*)

> drao@jenner.com
> 1099 New York Ave., NW Suite 900
> Washington, DC 20001
> Phone: 202-637-6390
>
> Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

> BOWMAN AND BROOKE LLP
>
> */s/ John C. Seipp, Jr.*
> John C. Seipp, Jr. (Florida Bar No. 0289264)
> Donald A. Blackwell (Florida Bar No. 370967)
> Two Alhambra Plaza, Suite 800
> Coral Gables, FL 33134
> Phone: 305-995-5600; Fax: 305-995-6090
>
>     and
>
> JENNER & BLOCK LLP
>
> Peter J. Brennan (*pro hac vice*)
> pbrennan@jenner.com
> Monika N. Kothari (*pro hac vice*)
> mkothari@jenner.com
> 353 N. Clark Street
> Chicago, IL 60654
> Phone: 312-222-9350; Fax: 312-527-0484
>
> Devi M. Rao (*pro hac vice*)
> drao@jenner.com
> 1099 New York Ave., NW Suite 900
> Washington, DC 20001
> Phone: 202-637-6390
>
> Counsel for Defendant